UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEROME TALLEY,

              Plaintiff,

    v.

KAREN L. STROMBOM, *et al.*,

              Defendants.

CASE NO. C15-5777-MJP-JPD

REPORT AND RECOMMENDATION

On October 26, 2015, plaintiff Jerome Talley submitted to the Court for filing a civil rights complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). (*See* Dkt. 1.) Plaintiff was at that time a pretrial detainee confined in the Kitsap County Jail. Plaintiff asserts in his complaint that the named defendants violated his First Amendment rights to freedom of speech, freedom of expression, and freedom of the press when they recommended dismissal under 28 U.S.C. § 1915(g) of prior federal civil rights action filed by plaintiff pursuant to 42 U.S.C. § 1983. (*See id.* at 2.) Plaintiff maintains that all he needs to do in order to proceed with an action under § 1983 is to claim that his civil rights were violated by state actors acting under color of state law. (*See id.* at 4-5.) He appears to object to the

REPORT AND RECOMMENDATION
PAGE - 1

additional requirement imposed by § 1915(g) that he show imminent danger of serious physical injury before being permitted to proceed.  (*See* Dkt. 1 at 4-5.)  Plaintiff names as defendants in this action United States Magistrate Judges Karen L. Strombom, David W. Christel, and J. Richard Creatura.

Plaintiff failed to submit with his complaint either the requisite filing fee or an application to proceed with this action *in forma pauperis*.  Typically, the Court would provide plaintiff an opportunity to correct this deficiency by either paying the filing fee or submitting an *in forma pauperis* application.  However, a review of plaintiff's prior litigation in federal court makes clear that plaintiff does not qualify for *in forma pauperis* status.

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* in a civil action if he or she has, on three or more prior occasions, brought civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.  Plaintiff has had at least three prior actions dismissed as frivolous or for failure to state a claim.  *See Talley v. Holevinski* (E.D. Wash. Case No. 02:99-cv-5036); *Talley v. Bailey, et al.* (W.D. Wash. Case No. 2:08-cv-00677-TSZ); *Talley v. Bailey, et al. (II)* (W.D. Wash. Case No. 2:08-cv-00752-RSM); and *Talley v. Rogers* (W.D. Wash. Case No. 2:08-cv-01761-TSZ).  *See also Talley v. Sias, et al.*, (W.D. Wash. Case No. 3:15-cv-5501-LRS).

Accordingly, plaintiff may not proceed with this action without prepayment of the full filing fee unless he shows that he was "under imminent danger of serious physical injury" at the time he signed his complaint.  28 U.S.C.§ 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters

REPORT AND RECOMMENDATION
PAGE - 2

for purposes of the 'imminent danger' exception to § 1915(g)."). Nothing in plaintiff's proposed complaint suggests that he was under imminent danger of serious physical injury at the time he filed his complaint. Plaintiff is therefore ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $50.00 administrative fee (for a total of $400.00).

This Court therefore recommends that plaintiff be directed to pay the filing fee within 30 days of the date on which this Report and Recommendation is adopted, and that this action be dismissed without prejudice if plaintiff fails to do so. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **December 23, 2015**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 28, 2015.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 2nd day of December, 2015.

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3